307 Ga. 305
FINAL COPY

S19A1436.  HOPWOOD v. THE STATE.

Blackwell, Justice.

Carla Rae Hopwood was tried by a Telfair County jury and convicted of murder in connection with the fatal shooting of her longtime boyfriend, Ernest Bray. Hopwood appeals, contending that the evidence is legally insufficient to sustain her conviction and that the trial court erred when it admitted a statement that she gave to an investigator. Upon our review of the record and briefs, we find no merit in these claims of error, and we affirm.[1]

1. Viewed in the light most favorable to the verdict, the evidence shows that Hopwood admitted in her statement to an investigator that she became upset with Bray late in the evening of

---

[1] Bray was killed in September 2012. In November 2012, a Telfair County grand jury indicted Hopwood, charging her with murder with malice aforethought. Hopwood was tried in August 2013, and the jury found her guilty. The trial court sentenced Hopwood to life imprisonment without the possibility of parole. Hopwood moved for a new trial in September 2013, and amended her motion in March 2019. After a hearing, the trial court denied the motion in May 2019. Hopwood timely appealed, and this case was docketed to the August 2019 term of this Court and submitted for a decision on the briefs.

September 14, 2012, or early on the morning of September 15, 2012, told him "I'm going to shoot your a\*\*," pulled a .22-caliber revolver, pointed it at Bray, and shot him. A firearms expert testified at trial that the .22-caliber revolver recovered from the scene had fired the fatal shot and that there was no chance that the weapon had been fired accidentally because the revolver had a "hammer block," which prevented it from firing unless the trigger was pulled back completely and with significant force. Hopwood testified at trial that she did not believe the weapon was loaded when she pointed it at Bray and, in any event, any firing of the weapon was accidental, as she did not intend to pull the trigger.

Hopwood argues that the evidence failed to prove that she intended to shoot Bray and that the firing of the weapon was not accidental. But as we have explained time and again, "it is the role of the jury to resolve conflicts in the evidence and to determine the credibility of witnesses, and the resolution of such conflicts adversely to the defendant does not render the evidence insufficient." Graham v. State, 301 Ga. 675, 677 (1) (804 SE2d 113)

(2017) (citation and punctuation omitted). The jury was free to disbelieve Hopwood's testimony that the shooting was unintentional. See id. The evidence presented at trial was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Hopwood was guilty of murder. See Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2. Hopwood also argues that the trial court erred when it admitted the statement she gave to the investigator. She asserts that the investigator violated her constitutional rights because he elicited her statement during the early morning hours following a traumatic event when she was deprived of sleep, under the influence of alcohol, and in a state of mental and physical fatigue. We disagree.

An agent with the Georgia Bureau of Investigation ("GBI") testified that he asked to speak with Hopwood in his vehicle around 3:30 a.m. on September 15, several hours after she claimed to have shot Bray. After reading her the Miranda[2] warnings, Hopwood agreed to speak with the agent, and she then admitted to shooting

---

[2] Miranda v. Arizona, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966).

3

Bray, as discussed above.

The trial court conducted a pretrial hearing pursuant to Jackson v. Denno, 378 U. S. 368 (84 SCt 1774, 12 LE2d 908) (1964), to determine the voluntariness and admissibility of Hopwood's statement. At the hearing, the GBI agent testified that, while Hopwood was emotional throughout the interview, she did not appear to be intoxicated or otherwise unable to voluntarily waive her rights. After reviewing an audio recording of the interview, the court determined that Hopwood's statement was admissible because Hopwood knowingly waived her rights and that the statement she made thereafter was given freely and voluntarily.

Based on our review of the record, it does not appear that the trial court erred by denying the motion to suppress. The record does not show that Hopwood suffered from any mental incapacity at the time she made her statement. Her statements were clear throughout the interview, and even though she stated she had drunk "some wine" earlier that evening, she appeared to understand and voluntarily waive her rights, and she was responsive to the GBI

agent's questioning throughout the interview. See, e.g., <u>Krause v.</u> <u>State</u>, 286 Ga. 745, 751 (7) (691 SE2d 211) (2010) (concluding that a statement was voluntary despite evidence that the defendant consumed drugs and drank alcohol before the interview "and . . . appeared tired and fatigued when he spoke with police").

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 4, 2019.
Murder. Telfair Superior Court. Before Judge Wall.
*Steven M. Harrison*, for appellant.
*Timothy G. Vaughn, District Attorney, Keely K. Pitts, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B.*

*Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Michael A. Oldham, Assistant Attorney General*, for appellee.